UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELVA DORSEY,

    Plaintiff,

v.                                    CASE NO.:

COMPASSIONATE CARE HOSPICE OF
CENTRAL FLORIDA, INC. A Florida Profit
Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
### INTRODUCTION

1. Plaintiff, MELVA DORSEY ("Ms. Dorsey" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Polk County, Florida.

4. Plaintiff worked for Defendant in Polk County, Florida, and the venue, therefore, for this case is the Tampa Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated FMLA leave to care for her husband who suffered from a serious health condition as defined by the FMLA; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Dorsey worked for Defendant as a Social Worker from February 14, 2016, until her forced separation on September 9, 2017.

8. Prior to her need for FMLA leave, Ms. Dorsey was a dedicated employee without any significant documented history of performance, attendance or disciplinary problems.

9. In late December 2016 through mid January 2017, Ms. Dorsey necessitated a short medical leave due to wrist surgery.

10. Upon return from same, she was chastised for taking time away from work for her medical condition.

11. This behavior, from Defendant's management, concerned Ms. Dorsey moving forward, as her husband was ill and required medical attention.

12. This behavior by Defendant's management had a chilling effect on Ms. Dorsey's willingness to care for her husband in fear of losing her job.

13. In April 2017, Ms. Dorsey's terminally ill husband required further medical treatment.

14. Accordingly, Ms. Dorsey applied for FMLA leave, and was approved for same through May 30, 2017.

15. Upon her return to work on the date required, Defendant sent Ms. Dorsey home until June 5, 2017, as it was not prepared for her return as scheduled.

16. When she returned to work on June 5, 2017, however, Ms. Dorsey discovered that her job duties had been taken from her in her absence, and her job position materially changed.

17. Accordingly, she was not returned to the same, or substantially similar position, upon her return from FMLA in violation of the law.

18. To make things worse, shortly upon here return from FMLA leave, Defendant's management reprimanded Ms. Dorsey for taking her protected leave, and then disciplined her for her productivity while caring for her terminally ill husband.

19. Defendant's management even went so far as to say that Ms. Dorsey's productivity and now reduced case load was "her problem" because her husband was very ill, and she would "likely be in and out of the office," and not be able to attend to same.

20. These comments epitomize FMLA interference/retaliation and shed an unforgiving light on the unlawful environment created by Defendant's management.

21. Despite the foregoing, Ms. Dorsey tried to persevere through all the various aspects of Defendant's hostile treatment toward her based on her need for FMLA leave.

22. Defendant continued to retaliate against Ms. Dorsey for her FMLA related situation by treating her in a disparate manner, and holding her to different work standards than her non-FMLA protected counterparts.

23. Finally, in September 2017, as Hurricane Irma was headed toward Florida, Ms. Dorsey notified Defendant that, due to her husband's oxygen situation, she necessitated further FMLA leave time to care for his condition during the storm.

24. Defendant interfered with Plaintiff's FMLA rights in this regard, and instead, instructed her that she was required to work instead of caring for her husband.

25. Faced with the dilemma of caring for her husband as the FMLA permits, or being further interfered with, retaliated against, and reprimanded, Plaintiff had no choice but to tender her resignation to Defendant.

26. A reasonable person in Plaintiff's position would have felt compelled to do the same; accordingly, Plaintiff was constructively discharged by Defendant.

27. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

28. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for attempting to utilize what she believed to be proper and authorized FMLA leave.

29. Defendant acted with intent to retaliate against Plaintiff when she should have been, and was, FMLA covered.

30. Defendant retaliated against Plaintiff because of her need for FMLA protected time away from work.

31. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempt to use FMLA.

32. Defendant did not have a good faith basis for its actions, and Plaintiff is entitled to liquidated damages as a result.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above.

34. At all times relevant hereto, Plaintiff was protected by the FMLA.

35. At all times relevant hereto, Defendant interfered with Plaintiff for exercising her FMLA rights.

36. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

37. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

38. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32, above.

40. At all times relevant hereto, Plaintiff was protected by the FMLA.

41. At all times relevant hereto, Defendant retaliated against Plaintiff for her attempted use and/or use of what should have been, FMLA protected leave.

42. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

43. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

44. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

45. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 30th day of August 2019.

        Respectfully Submitted,

        By**:**_/s Noah E. Storch_
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        Richard Guadagnolo, Esq.
        Florida Bar No. 109104
        RICHARD CELLER LEGAL, P.A.
        10368 W. SR. 84, Suite 103
        Davie, Florida 33324
        Telephone: (866) 344-9243
        Facsimile:   (954) 337-2771
        E-mail: noah@floridaovertimelawyer.com
        E-mail: rich@floridaovertimelawyer.com

        *Attorneys for Plaintiff*